UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Daniel Dror, <br><br> *Movant*, <br><br> v. <br><br><br> Lloyd Bell, Individually and as Executor of the Estate of Betty Whitley Bell, Deceased, | Misc. Civil Action No. 4:20-mc-03113 |

MOTION FOR PROTECTIVE ORDER, AND, IN
THE ALTERNATIVE, MOTION TO QUASH,

COMES NOW Daniel Dror ("Dror" or "Movant") and complains of Lloyd Bell, Individually and as Executor of the Estate of Betty Whitley Bell, Deceased ("Bell" or "Respondent") as follows:

NATURE OF THE CASE

1. Dror files this Motion pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 46(c)(1) seeking protection from the deposition and documents sought by Bell pursuant to a third-party subpoena served by Bell (the "Subpoena", *see* Exhibit 1). In the alternative, Dror also seeks to quash the Subpoena because it proposes an unreasonable time and place for the deposition and documents sought.

FACTUAL BACKGROUND

2. This subpoena was propounded on Dror, who is the currently the sole director of The Neslemur Company, a Delaware corporation ("Neslemur"). *See* Ex. 2 at ¶2. In 1987, The Neslemur Company entered into an Asset Purchase Agreement with American International Industries, a California general partnership with offices located in California

2

("A-I-I California"). *See id.* At the time of that transaction, Dror was Chairman and CEO of Neslemur. *See id.* He has never had any affiliation or position with A-I-I California. *See id.*

3. Dror is currently chief executive officer of a corporation called "American International Industries, Inc." *See id.* at ¶ 3. American International Industries, Inc. is a Nevada corporation with its offices located at 601 Cien Road, Suite 240, Kemah, Texas. *See id.* That corporation is engaged principally in the business of real estate development in Texas. *See id.* American International Industries, Inc. has no affiliation with A-I-I California. *See id.* at ¶ 4.

4. Dror has very limited recollection of the events surrounding the above-referenced Asset Purchase Agreement. *See id.* at ¶ 5. What limited recollection he has was already conveyed to multiple parties involved in litigation involving A-I-I and Neslemur. *See id.*; Ex. 3. Dror also has no possession, custody, or control of any documents related to the Asset Purchase Agreement. Ex. 2 at ¶ 5.

5. Dror is a colon cancer survivor and currently has limited mobility. *Id.* at ¶ 6. He has also recently had multiple surgeries for gall bladder and hernia issues. *Id.* In addition, he is at high risk for complications and/or death if he were to contract COVID-19. *Id.*

## ARGUMENT AND AUTHORITIES

Dror basis this Motion on two grounds. First, Dror moves for protection from the Subpoena in its entirety as an "Apex Deposition". Second, if the Court finds this is not an Apex Deposition, then Dror seeks to postpone the deposition due date, make the deposition remote, limit the time for the deposition, and limit the document requests to exclude any attorney-client or work product communications.

3

### A. This Is An Impermissible "Apex Deposition" And Should Be Denied.

Dror's only apparent connection to this case is that he previously and now holds a management position with Neslemur. As such, the Subpoena is a classic attempt at conducting an "Apex Deposition" wherein Dror is being deposed for no other reason than that he is at the helm of a corporate entity.

Federal courts have stated that in deciding whether to allow the deposition of an "apex witness" a court should consider (1) whether or not the high-level deponent has unique, first-hand, non-repetitive knowledge of the facts and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. *See, e.g., Rock River Comm., Inc. v. Universal Music Group, Inc.*, No. CV 08-635 CAS, 2009 WL 3841874 *5 (C.D. Cal. Nov. 16, 2009). Indeed, "the Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking an apex deposition, by way of deposing lesser ranking employees." *Schmidt v. Goodyear Tire & Rubber Co.*, 2003 U.S. Dist. LEXIS 28130, at *3 (E.D. Tex. Jan. 7, 2003) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)).

Here, whatever knowledge Dror has regarding this subject matter has already been laid out in a prior declaration. *See* Exhibit 3. Any testimony elicited would be cumulative. Respondent has not attempted less intrusive methods to obtain whatever information he seeks. There is no compelling need to put Dror through the rigamarole of a live deposition to recite what he has already disclosed on paper. Further, he has already testified that he has no documents related to the transaction at issue in the underlying litigation. The deposition and document requests are a fool's errand, serve no purpose but to harass, and should be denied in their entirety.

### B. Alternatively, The Court Should Limit The Deposition And The Requests.

Alternatively, the Court should significantly modify the Subpoena pursuant to FRCP 45, which gives the Court the power to reform the Subpoena to be proportional to the needs of the case.

First, the Subpoena gave Dror just over two weeks to prepare for a deposition. *See* Exhibit 1 (served on October 23, 2020 for deposition on November 9, 2020). That timing should be extended by 30-60 days so that Dror will have adequate time to confer with his counsel and prepare for a deposition. Counsel will provide dates that are mutually convenient to all parties involved for any potential deposition.

Second, the Subpoena requests a live deposition. *See* Exhibit 1. Dror requests that any deposition occur remotely through Zoom or equivalent medium so that he is not forced to travel with his compromised health condition or to be exposed to others who may infect him with COVID-19.

Third, any potential deposition should be limited to no more than two hours of time, not counting objections or breaks. Given Dror's limited knowledge, there is simply no reason why Respondent should require more than two hours of deposition time.

Finally, the document requests propounded are unlimited in scope and do not restrict themselves to communications not protected by the attorney-client or work product privileges. For example, multiple requests in the Subpoena ask for documents that "regard", "discuss", or "pertain to" Dror's relationship with the parties, witnesses, or events that form the basis of the underlying case. *See, e.g.,* Exhibit 1 at Ex. A, Request Nos. 1-5, 7-9, 11-13, 15-28, 43-44. As phrased, these Requests call for attorney-client correspondence and work-product memoranda insofar as Dror's attorneys' may have asked him questions regarding these subject matters.

Dror has previously testified he has no documents related to the transactions at issue. The only documents that may exist would be documents created as a result of the underlying litigation and the many attempts that have been made to depose Dror related to the Neslemur-A-I-I California transactions. *See* Exhibit 4. He should not have to be burdened to create a privilege log in response to over 40 document requests where virtually any responsive document is a privileged document created as a result of the litigation in which said Requests are made. As such, the Subpoena should be reformed so as to exclude a request for any privileged documents created since 2016, which is when Dror was first approached about providing a declaration. *See* Exhibit 3.

Dror further objects to all of the Requests as overly broad, unduly burdensome, and disproportionate to the needs to the case insofar as they require him to create a privilege log for documents generated as a result of the Neslemur-A-I-I California litigations. *See, e.g.,* Exhibit 4.

## PRAYER FOR RELIEF

WHEREFORE, Dror prays for relief as follows:

a. Entering a protective order prohibiting Respondent from obtaining any discovery sought by the Subpoena;

b. Alternatively, limiting the deposition to 2 hours via videoconference at a date to be agreed by counsel within 60 days and limiting all document requests to exclude any privileged documents created since 2016; and

c. all other relief to which Movant is entitled in law or equity.

Respectfully submitted,

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley

6

                Joseph D. Sibley
                State Bar No. 24047203
                sibley@camarasibley.com
                Camara & Sibley LLP
                4400 Post Oak Pkwy.
                Suite 2700
                Houston, Texas 77027

                Telephone: (713) 966-6789
                Fax: (713) 583-1131

                **ATTORNEYS FOR MOVANT**
                **DANIEL DROR**

## CERTIFICATE OF CONFERENCE

This is to certify that on this the 6th day of November, 2020, I conferred with Respondent's counsel and they are opposed to the relief sought herein.

                /s/ Joe Sibley
                Joe Sibley

## CERTIFICATE OF SERVICE

This is to certify that on this the 6th day of November, 2020, a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record via ECF.

                /s/ Joe Sibley
                Joe Sibley